IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------
SEAN MCCLOUD                                          :
1700 Bonnie Brae Drive                                :
Huntingdon Valley, PA 19006                           :
                                                      :
                        Plaintiff,                    :
                                                      :    Civil Action No.: _____
           v.                                         :
                                                      :    **JURY TRIAL DEMANDED**
GREENWOOD GAMING & ENTERTAINMENT                      :
INC. d/b/a PARX CASINO                                :
3001 Street Road                                      :
Bensalem, PA 19020                                    :
                                                      :
                        Defendant.                    :
---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Sean McCloud ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Greenwood Gaming & Entertainment Inc. d/b/a Parx Casino ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this action contending that Defendant has violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* Specifically, Plaintiff contends that Defendant subjected him to differential treatment and unlawful termination on the basis of his sex, and/or regarding the unlawful, ongoing, severe, and pervasive sexual harassment to which he was subjected to by Defendant, and retaliated against him for his complaint(s) in connection thereto, in violation of Title VII and the PHRA.

1

2. Plaintiff further brings this Complaint contending that Defendant unlawfully discharged him from employment in retaliation for Plaintiff asserting his rights under the Pennsylvania Workers' Compensation Act, in violation of Pennsylvania state common law and public policy.

**PARTIES**

3. Plaintiff, Sean McCloud, is a citizen of the United States and Pennsylvania and currently maintains a residence at 1700 Bonnie Brae Drive Huntingdon Valley, PA 19006.

4. Upon information and belief, Defendant, Greenwood Gaming & Entertainment Inc. d/b/a Parx Casino, is a for-profit company organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at 3001 Street Road Bensalem, PA 19020.

**JURISDICTION AND VENUE**

5. On or about February 5, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (c), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-03503. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated June 11, 2025, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

9. This is an action authorized and instituted pursuant to the PHRA, and Title VII.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as those claims arise out of the same common nucleus of operative facts as his federal claims.

12. The venue in this district is proper to 28 U.S.C. § 1391, as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

13. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began his employment with Respondent in or about February 2016 in the position of electrician.

15. At all times material hereto, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

16. During his employment, Plaintiff was subjected to sexual harassment by Defendant's Director of Entertainment Nathan Powell.

17. By way of example, during an event at Parx Casino, an intoxicated Mr. Powell approached Plaintiff and told him "you smell good" while suggesting the two of them go to a secluded part of the venue together.

3

18. Plaintiff politely declined and informed Mr. Powell that he was on his way to the bathroom.

19. In response, Mr. Powell asked Plaintiff if he "need[ed] a hand" in the bathroom.

20. When Plaintiff again encountered Mr. Powell later that same evening, Mr. Powell told him, "I want you to get down on your knees in front of me," implying that he wished to receive oral sex from Plaintiff.

21. Several days later, Mr. Powell approached Plaintiff and began inappropriately rubbing Plaintiff's back without his permission.

22. Plaintiff subsequently submitted a complaint to Defendant's human resources department.

23. Upon information and belief, however, no corrective action was taken against Mr. Powell.

24. Upon information and belief, several other employees had previously submitted similar complaints to human resources regarding sexual harassment from Mr. Powell.

25. On or about February 29, 2024, in the course and scope of his employment, Plaintiff suffered a work-related injury and thereafter commenced the Workers' Compensation process.

26. Over the following months, Plaintiff was transferred to a sedentary job.

27. In or about September 2024, Plaintiff returned to work on a light-duty restriction.

28. On or about November 8, 2024, however, Defendant abruptly terminated Plaintiff's employment for allegedly taking too long of a break during an assignment the previous month.

29. By way of background, during a job on or about October 23, 2024, while Plaintiff was on a light-duty restriction, Plaintiff took a break from approximately 8:30 a.m. to 9:30 a.m., which was a commonly accepted practice among similarly situated employees.

30. That same day, Plaintiff's co-worker Sam Leech had also taken an hour-long break during the aforementioned assignment.

31. Upon information and belief, Sam Leech was not terminated and is still employed with Defendant.

32. Based on the foregoing, it is believed and therefore averred that Defendant terminated Plaintiff on the basis of his sex and in retaliation for his good faith complaint(s) regarding the unlawful, severe, and pervasive sexual harassment in connection thereto, as well as in retaliation for filing a Workers Compensation claim.[1]

33. As a result of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered damages, as well as mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C § 2000e, *et seq.*
## SEX DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION

34. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

35. At all times material hereto, Defendant employed at least fifteen (15) employees at its locations at all times relevant hereto.

36. Plaintiff is male and as such is a member of a class protected under Title VII from unlawful discrimination because of sex.

37. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of his sex, in violation of Title VII.

---

[1] Plaintiff subsequently filed a union grievance and was reinstated to his position on or about May 6, 2025.

5

38.  Defendant undertook tangible employment action against Plaintiff, in the form of termination from employment, because Plaintiff complained of the sex-based harassment and hostile work environment, in violation of Title VII.

39.  Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

40.  Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered damages, including but not limited to, loss of earnings, earnings potential, other significant economic benefits, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.  Economic damages in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.  Compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

C.  Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

E.  Pre-judgment interest in an appropriate amount; and

F.  Such other and further relief as is just and equitable under the circumstances.

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, et seq.
## SEX DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION

41. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

42. At all times material hereto, Defendant had at least four (4) employees.

43. Plaintiff is male and as such is a member of a class protected under the PHRA from unlawful discrimination because of sex.

44. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of his sex, in violation of the PHRA.

45. Defendant undertook tangible employment action against Plaintiff, in the form of termination from employment, because he complained of sexual harassment and hostile work environment, in violation of PHRA.

46. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

47. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

48. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Economic and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### PENNSYLVANIA COMMON LAW

49. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

50. On or about February 29, 2024, during the course and scope of his employment, Plaintiff suffered a work-related injury.

51. Plaintiff sought and received workers' compensation benefits for his February 29, 2024, workplace injury, for which Defendant retaliated against him.

52. Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatorily terminating Plaintiff's

employment for availing himself of the benefits under the Pennsylvania Worker's Compensation Act.

53. Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

1) Economic damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2) Compensatory damages and lost benefits;

3) Punitive damages for Defendant's discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

4) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law;

5) Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

6) Pre-judgment interest in an appropriate amount; and

7) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

        Respectfully submitted,

        **MURPHY LAW GROUP, LLC**

By:    */s/ Johannes Hoffman, Esq.*
        Johannes Hoffman, Esq.
        Michael Murphy, Esq.
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        jhoffman@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

Dated: July 29, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.